IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILLIAM RAY FISHER,            )
                               )
        Plaintiff,             )
                               )
v.                             )        1:12CV868
                               )
THE WINSTON-SALEM POLICE       )
DEPT., et al.,                 )
                               )
        Defendants.            )

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendants Winston-Salem Police Department ("WSPD"), Sgt. Tony Perkins, Police Chief Scott Cunningham, and Investigator Cliff Cranford's Motion to Dismiss. (Docket Entry 14.) Also before the Court is a motion to dismiss claims against Defendants Perkins, Cunningham, and Cranford in their individual capacities (Docket Entry 8) and Plaintiff William Ray Fisher's Motion to Amend the Complaint. (Docket Entry 23.) All matters are ripe for disposition. For the reasons that follow, the Court recommends that Defendants' motions to dismiss be granted and Plaintiff's motion to amend be denied.

### I.   BACKGROUND

Plaintiff, a fifty-six year old man[1], applied to be a police officer with the City of Winston-Salem in August 2009. (Compl. ¶ III, Docket Entry 1.) Plaintiff alleges that his

---

[1] The EEOC Determination attached to the Complaint indicates that Plaintiff was 56 years old at the time he applied for employment. (EEOC Determination at 1, Ex. 2, Docket Entry 1-2.) The

application was "blocked" as a result of age discrimination. (*Id.*) Specifically, Plaintiff alleges that "younger and less qualified applicants" with "no police experience" were accepted, while his "twenty plus years" of law enforcement experience were "belittled" by Defendant Sgt. Tony Perkins. (*Id.*) Consequently, Plaintiff was denied a spot in the WSPD Basic Law Enforcement Training ("BLET") Recruitment Class. (*Id.*) Plaintiff subsequently filed a Charge of Discrimination under the Age Discrimination in Employment Act ("ADEA") with the Equal Employment Opportunity Commission, which issued a Determination on February 9, 2012 and a Notice of Suit Rights on May 21, 2012. (EEOC Determination, Ex. 2, Docket Entry 1-2 and Notice of Suit Rights, Ex. 1, Docket Entry 1-1.) Plaintiff filed a *pro se* lawsuit on August 14, 2012, in which he named as Defendants the WSPD and, in their individual capacities, Cunningham, Cranford, and Perkins. (Compl. ¶ II.) Plaintiff did not include the City of Winston-Salem as a defendant and now seeks to amend the original complaint to name the City of Winston-Salem as a defendant. (Pl.'s Mot. to Am., Docket Entry 23.)

Defendants filed a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) on October 5, 2012. (Docket Entry 14.) Defendants assert that "Plaintiff has not sufficiently alleged he was qualified to participate as a Winston-Salem Police recruit" or that "he was denied entry into a recruit class due to his age." (*Id.* at 2.) Defendants also request this court dismiss the Plaintiff's Complaint pursuant to Rules 12(b)(2), (4), and (5), as WSPD is not a legal entity or person over which this Court has jurisdiction or that is capable of receiving a summons, and

---

Court notes, however, that Plaintiff indicates that he was actually 65 years old at the time he applied for employment with the police department. (Pl.'s Resp. at 3, Docket Entry 19.)

2

Plaintiff failed to serve the City of Winston-Salem in accordance with Rule 4(j)(2) of the Federal Rules of Civil Procedure and Rule 4(j)(5) of the North Carolina Rules of Civil Procedure. (*Id.* at 1.)

Defendants Perkins, Cunningham and Cranford filed a motion to dismiss in their individual capacities on September 21, 2012 pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). (Docket Entry 8.) These defendants argue that they should be dismissed from this lawsuit because individual employees cannot be held liable under the ADEA and because they were not listed as respondents in the Plaintiff's EEOC charge. (Defs.' Br. at 2-3, Docket Entry 9.) In his motion to amend, Plaintiff seeks to amend the original complaint to name the City of Winston-Salem as a defendant. (Pl.'s Mot. to Am., Docket Entry 23.) Defendants oppose the amendment, asserting futility where Plaintiff's amended complaint restates the same facts alleged in the original Complaint and will not withstand a motion to dismiss. (*See* Docket Entries 24 and 25.)

## II. DISCUSSION

A. Standard of Review

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). It further states that "[t]he court should freely give leave when justice so requires." *Id.* Granting a motion to amend a complaint is within the discretion of the Court, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Fourth Circuit has stated that "[a] district court may deny a motion to amend when the amendment

would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010). An amended complaint is futile if it cannot withstand a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6); therefore, the Court may deny the motion. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (addition of negligence claim futile because case would not survive motion to dismiss). Thus, the Court will determine if Plaintiff's amended complaint, which solely adds another named defendant, can withstand a motion to dismiss.

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.*; *see also Simmons & United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) (internal quotation omitted) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face."). The test does not require the complaint to have "'detailed factual allegations,' . . . [but rather] plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79.) *Pro se* complaints are to be liberally construed in

assessing sufficiency under the Federal Rules of Civil Procedure. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this liberal construction, "generosity is not a fantasy," and the court is not expected to plead a plaintiff's claim for him. *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998). "Liberal construction is particularly appropriate when a *pro se* complaint raises civil rights issues." *Moody-Williams v. LipoScience*, 953 F. Supp. 2d 677, 680 (E.D.N.C. 2013) (emphasis in original); *see also Brown v. N.C. Dept. of Corr.*, 612 F.3d 720, 722 (4th Cir. 2010).

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with the pleading requirements of the ADEA. The ADEA forbids an employer to "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In *Hazen Paper Co. v. Biggins*, the Supreme Court explained that where a plaintiff claims age-related "disparate treatment" (*i.e.* intentional discrimination "because of age"), the plaintiff must prove that age "actually motivated the employer's decision." 507 U.S. 604, 610 (1993); *see also Kentucky Retirement Systems v. EEOC*, 554 U.S. 135, 141 (2008). The court in *Hazen Paper* also noted that "[t]he employer may have relied upon a formal, facially discriminatory policy requiring adverse treatment" because of age, or "the employer may have been motivated by [age] on an ad hoc, informal basis." *Hazen Paper*, 507 U.S. at 610. Nonetheless, a plaintiff alleging disparate treatment cannot succeed unless the employee's age *"actually played a role in that process and had a determinative influence on the outcome."* *Id.* (emphasis added).

5

B. Analysis

Here, Plaintiff alleges that the discrimination against him was "deliberate and intentional," as Defendant Perkins "blocked" his employment with the police department by moving "younger and less qualified" applicants before him. (Compl. ¶ III.) Similarly, Plaintiff states that Defendant Cranford rated him "on a lower level" and judged him "less qualified" than younger applicants who had no police or college experience. *Id.*

These statements however, amount to mere "legal conclusions" that fail to satisfy the *Twombly-Iqbal* standard of federal pleading. *Twombly*, 550 U.S. at 555. Plaintiff proffers no information in the Complaint as to how the WSPD makes its determinations, rendering it impossible for a court to determine whether or not he has alleged that he was qualified. Indeed, Plaintiff only submitted the WSPD's recruiting unit's scale rating system as an attachment to his response to Defendants' motion to dismiss. (Pl.'s Resp. at 12-13, Docket Entry 17.)[2] This document is outside the pleadings and is not appropriate for consideration on the pending Rule 12(b)(6) motion. *Curington v. UMG Recordings, Inc.*, 1:10-CV-890, 2011 WL 3568278 at *3 (M.D.N.C. Aug. 12, 2011) *aff'd*, 468 F. App'x 304 (4th Cir. 2012) (inappropriate for Court to consider documents attached to Plaintiff's response to a Rule 12(b)(6) motion).

Moreover, apart from repeatedly stating he had "twenty plus years" of police experience and an attached statement from a physician that Plaintiff is in good cardiovascular health, the Complaint says little about Plaintiff's qualifications. In one instance, Plaintiff appears to be arguing that because many of the accepted applicants had

---

[2] Plaintiff also has several other attached documents to his opposition brief.

"bad driving records" and "some who had as many as 3 traffic citations on their record" (Compl. ¶ III), the court must assume that Plaintiff, by contrast, has an excellent driving record, which Plaintiff mentions for the first time in his response to Defendants' motion to dismiss. (Pl.s Resp. Brief at 5, Docket Entry 17; Pl.'s Resp. Br. at 4, Docket Entry 19.) This "unwarranted inference" however, is insufficient under *Twombly-Iqbal* and their progeny. *E. Shore Markets, Inc. v. J.D. Associates Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). To construe Fisher's complaint in this manner, even considering the liberality afforded to *pro se* litigants, is to transform the court into an "advocate" for the plaintiff. *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990).

Even if the court were to consider the additional allegations contained in Plaintiff's responses to the Defendants' motions to dismiss, Plaintiff elucidates few additional facts that constitute direct evidence that WSPD acted in a discriminatory manner. Plaintiff describes an isolated conversation with Defendant Cranford – during which Mr. Cranford expressed only "surprise" at Plaintiff's desire to be a police officer – and indicates plans to show "twenty nine examples" to the Court of younger individuals with less experience who were accepted into the police academy. (Pl.'s Resp. Br. at 4, 6, Docket Entry 17.) These recitations cannot be said to qualify as direct evidence of discrimination, particularly in consideration of the competitiveness of the recruitment program – "only 2-3% of those that apply are hired for a class" – and Plaintiff's admitted educational deficits. (Scale Rating System, *Id.* at 12.)

In the absence of direct evidence of intentional discrimination, Plaintiff may present a prima facie case for discrimination pursuant to the *McDonnell-Douglas* paradigm. Once the

burden is met, "the employer is entitled to rebut the employee's presentation by offering evidence that legitimate, non-discriminatory reasons existed for the employment decision," after which the employee may demonstrate the legitimate reasons were pretexts for age discrimination. *Boyd v. City of Wilmington, N.C.*, 943 F. Supp. 585, 588 (E.D.N.C. 1996) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-3 (1973)). To establish a prima facie case, Plaintiff must show that:

    1) he is a member of a group protected under the ADEA;

    2) he was qualified for the position for which he applied;

    3) he was not hired for the position; and

    4) the employer continued to seek applications from applicants outside the protected class.

*Henson v. Liggett Group, Inc.*, 61 F.3d 270, 274 (4th Cir. 1995).

Here, Plaintiff has effectively pled the first, third, and fourth elements – he is between forty and seventy years old, 29 U.S.C. § 623(a)(1), he was not recruited for the police academy, and the WSPD did continue to hire recruits under 40 (though 2 two recruits over forty were hired). However, Defendants are correct in asserting that Plaintiff has failed to satisfy the second element. Plaintiff has not alleged the minimum job qualifications for the position, nor has he alleged that he met such qualifications. The Court cannot simply infer, based upon the allegations in the Complaint, that the minimum qualifications were met based upon Plaintiff's "20 plus years as a police officer." In an attached exhibit to the Complaint Plaintiff provides the age, education and experience of several individuals selected for the position. (Ex. 5, Docket Entry 1-5.) However, this information fails to provide the

Court with job qualifications apparently met by such individuals. Even with the most liberal construction, Plaintiff's claim for age discrimination fails.[3]

C. Retaliation Claim

To the extent Plaintiff's Complaint asserts retaliation, such claim also fails. The anti-retaliation provisions of the ADEA forbid "discriminat[ion] against" an employer or job applicant who has "made a charge, testified, or participated in" a Title VII proceeding or investigation. 42 U.S.C. § 2000e-3(a); *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 53 (2006). "A plaintiff lacking direct evidence of retaliation may utilize the *McDonnell Douglas* . . . framework to prove a claim of retaliation." *Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004). To establish a prima facie case of retaliation, a plaintiff must show "(1) that he engaged in a protected activity; (2) that his employer took an adverse employment action against him; and (3) that a causal connection existed between the protected activity and the asserted adverse action." *King v. Rumsfeld*, 328 F.3d 145, 150-51 (4th Cir. 2003); *see also Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1989). The statute does not confine the actions and harms it forbids to those "affecting employment terms or provisions;"

---

[3] Again, even if the Court were to find Plaintiff's attachments to his response brief to be an "integral" part of his Complaint, Plaintiff's claim still fails. Should the Scale Rating System be some form of a "job qualification" guide, Plaintiff's allegations do not suggest that he should have a scale rating of "3". (*See* Scale Rating System, Pl.'s Resp. Br. at 12, Docket Entry 17.) Plaintiff does not possess a degree related to the criminal justice field or indeed, any degree at all. While serving in the navy (experience that not alleged in the Complaint), he was subject to a "captain's mast" disciplinary procedure. (*Id.* at 14.) Plaintiff notes that he has been involved in law enforcement roles in various capacities for twenty years (despite currently working in maintenance), but there is no indication his service records reflect "positive service." (*Id.* at 12). Moreover, Defendant Cranford's review indicates that there were "some areas of concern" with Plaintiff. (*Id.* at 14.) While it is acknowledged that the burden upon the Plaintiff is "not a heavy one" and that the factors recited above were not intended to be rigidly applied, *Young v. Lehman*, 748 F.2d 194, 197 (4th Cir. 1984), *cert. denied*, 471 U.S. 1061 (1985), Plaintiff fails to allege that he was qualified to be a police recruit.

rather, it covers "employer actions that would have been materially adverse to a reasonable employee or applicant," such that a plaintiff must show "that the challenged action 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington*, 548 U.S. at 54 (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)).

The Fourth Circuit has assumed that "in the failure-to-hire context, the employer's knowledge coupled with an adverse action taken at the first opportunity satisfies the causal connection element of the prima facie case." *Price*, 380 at 213; *see also E.E.O.C. v. Luce, Forward, Hamilton & Scripps*, 345 F.3d 742, 754 (9th Cir. 2003); *Williams v. Nashville Network*, 132 F.3d 1123, 1132 (6th Cir. 1997); *Thurston v. Am. Press, LLC*, 497 F. Supp. 2d 778, 783 (W.D. Va. 2007). Additionally, courts are mindful of the fact that the passage of time "tends to negate the inference of discrimination." *Price*, 380 F.3d at 213; *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998).

In his Complaint, Plaintiff alleges that Defendant Cunningham states that Plaintiff threatening to sue the WSPD hurts Plaintiff. (Compl. ¶ III; *see also* Cunningham E-mail, Ex. 4, Docket Entry 1-4.) Plaintiff appears to rest his retaliation claim on this statement. Conceivably, Plaintiffs' informal complaint to the WSPD constitutes "oppositional protected activity." *McNeill v. Bd. of Governors of the Univ. of N.C.*, 837 F. Supp. 2d 540, 543 (M.D.N.C. 2011) (quoting *Armstrong v. Index Journal Co.*, 647 F.2d 441, 448 (4th Cir. 1981)) ("Oppositional activity 'has been held to encompass informal protests, such as voicing complaints to employers or using an employer's grievance procedures.'") However, Plaintiff does not allege that an adverse action was taken. Even after lodging an internal complaint

with the WSPD and threatening to sue, Plaintiff remained active in the hiring process. (*See* Cunningham E-mail at 1, Docket Entry 1-4.) Nothing in the Complaint alleges an adverse action taken by Defendants after the e-mail exchange. Because Plaintiff fails to allege direct evidence or retaliation under the *McDonnell Douglas* standard, Defendants' motion to dismiss should be granted.[4]

D. Individual Officers' Motion to Dismiss

Defendants Perkins, Cunningham and Cranford argue that dismissal is appropriate because Plaintiff failed to name these individuals in the EEOC charge. (Defs.' Br. at .3, Docket Entry 9.) Generally, under the ADEA and Title VII, "a civil action may be brought only 'against the respondent named in the charge.'" *Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998) (quoting 42 U.S.C. § 2000e–5(f)(1) (1994)); *see also* 29 U.S.C. § 626(e) (ADEA). "Failure to name a party in the EEOC charge normally means the plaintiff did not exhaust the administrative remedies against those parties, and a district court must dismiss the case." *Mayes v. Moore*, 419 F. Supp. 2d 775, 782 (M.D.N.C. 2006). Plaintiff does not dispute that the individual defendants were not named in the EEOC charge. Plaintiff has not exhausted administrative remedies against Defendants Perkins, Cunningham and Cranford; therefore, the Court lacks subject matter jurisdiction over these defendants.

Even if administrative remedies were exhausted, Plaintiff's claims against these defendant still fail under Rule 12(b)(6). The ADA makes it unlawful for an "employer" to discriminate on the basis of age. 29 U.S.C.A. § 623. The ADEA defines an employer as a "person engaged in an industry affecting commerce who has twenty or more employees for

---

[4] Because the Court recommends dismissal on the merits for failure to state a claim, the Court will not address Defendant WSPD's grounds for dismissal under Rules 12(b)(2), (4) and (5).

each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . .[or] any agent of such a person . . ." 29 U.S.C.A. § 630(b). Unless an individual qualifies as Plaintiff's employer as defined above, the ADEA does not provide for individual liability. The ADEA "limits civil liability to the employer" and an employee is "not a proper defendant" in this case. *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510-11 (4th Cir. 1994); *see also Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010) (holding that the ADEA "do[es] not provide for causes of action against defendants in their individual capacities"); *Pardasani v. Rack Room Shoes Inc.*, 912 F. Supp. 187, 190-91 (M.D.N.C. 1996) (holding there can be no individual liability for ADEA claims arising from decisions of a delegable nature); *Bryant v. Locklear*, 947 F.Supp. 915, 918 (E.D.N.C. 1996) ("[I]ndividual capacity suits may not be maintained under Title VII or the ADEA where the personnel decisions at issue are of a plainly delegable character.").

Here, Plaintiff has indicated that the three individual defendants are being sued in "their official status as agents of the police dept. as well as in their individual capacity." (Pl.'s Resp. Br. at 2, Docket Entry 19.) However, because the WSPD was never Plaintiff's employer, and because ADEA claims cannot be pursued against employees in their individual capacities, Defendants' motion to dismiss (Docket Entry 8) should be granted for a failure to state a claim as to any of these defendants.

## III. CONCLUSION

Based upon the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Amend (Docket Entry 23) be **DENIED** and that Defendants' Motions to Dismiss (Docket Entries 8 and 14) be **GRANTED**.

_____
Joe L. Webster
United States Magistrate Judge

March 28, 2014
Durham, North Carolina

13