IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WILLIAM RAY FISHER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12CV868 |
| | ) | |
| WINSTON-SALEM POLICE | ) | |
| DEPARTMENT, SERGEANT TONY | ) | |
| PERKINS, SCOTT CUNNINGHAM, | ) | |
| Chief of Police for the Winston-Salem | ) | |
| Police Department, and CLIFF | ) | |
| CRANFORD, Investigator for the | ) | |
| Winston-Salem Police Department, | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

BEATY, District Judge.

This matter is before the Court on a Recommendation of the United States Magistrate Judge that this action filed by Plaintiff William Ray Fisher ("Plaintiff") be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Specifically, the Magistrate Judge recommends that this Court deny Plaintiff's Motion to Amend [Doc. #23], grant the Motion to Dismiss [Doc. #8] filed by Defendants Cliff Cranford, Scott Cunningham, and Tony Perkins in their individual capacities ("Individual Defendants"), and grant the Motion to Dismiss [Doc. #14] filed by the Winston-Salem Police Department and the Individual Defendants in their official capacities ("Official Defendants"). The Magistrate Judge's Memorandum Opinion and Recommendation [Doc. #26] was filed on March 28, 2014, and notice was served on the parties pursuant to 28 U.S.C. § 636(b).

On April 7, 2014, Plaintiff filed timely Objections [Doc. #28] to the Magistrate Judge's Recommendation, to which Individual Defendants filed a Response [Doc. #29] and Official

Defendants filed a Response [Doc. #30]. The Court has now reviewed de novo the Objections and the portions of the Recommendation to which Objections were made. For the reasons explained herein, this Court adopts in part, and modifies in part, the Magistrate Judge's Recommendation.

I.   FACTUAL BACKGROUND

Plaintiff brings claims of age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, et seq. ("ADEA"). Specifically, Plaintiff claims that Defendants hired younger and less qualified applicants instead of Plaintiff, due to his age. Individual Defendants filed a Motion to Dismiss [Doc. #8], seeking dismissal based on a lack of subject-matter jurisdiction and failure to exhaust administrative remedies against them. Official Defendants also filed a Motion to Dismiss [Doc. #14], seeking dismissal pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6).

The Magistrate Judge recommends granting both Motions to Dismiss. (Mem. Op. & Order [Doc. #26].) Specifically, he recommends granting Individual Defendants' Motion [Doc. #8], because Plaintiff does not dispute that Individual Defendants were not named in his EEOC charge, and therefore, this Court lacks subject-matter jurisdiction over them. (Id. at 11.) The Magistrate Judge also recommends granting Individual Defendants' Motion [Doc. #8], because these individuals do not qualify as "employers," as required to be liable under the ADEA. (Id. at 11-12.) Finally, the Magistrate Judge recommends granting Official Defendants' Motion [Doc. #14], because Plaintiff fails to state a claim upon which relief may be granted. (Id. at 4-11.) Because the Magistrate Judge recommended dismissal on 12(b)(6) grounds, he did not address Official Defendants' other alleged bases for dismissal. This Court will first consider the

Magistrate Judge's Recommendation as to Official Defendants' Motion to Dismiss, followed by Plaintiff's Motion to Amend and Individual Defendants' Motion to Dismiss.

II. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Fourth Circuit has directed that courts "'take the facts in the light most favorable to the plaintiff,' but '[they] need not accept the legal conclusions drawn from the facts,' and '[they] need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556, 127 S. Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955) (citations omitted). Thus, dismissal of a complaint is proper where a plaintiff's factual allegations fail to "produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from

3

conceivable to plausible.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 683, 129 S. Ct. 1937).

Furthermore, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (internal quotations and citations omitted)). However, the Court "may not be an advocate for a *pro se* plaintiff and must hold the complaint to certain minimal pleading standards." Hongan Lai v. Dep't of Justice, No. 5:13cv00033, 2013 WL 3923506, at *3 (W.D. Va. July 29, 2013) (citing Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985); Switzer v. Town of Stanley, No. 5:10cv00128, 2010 WL 4961912, at *2-3 (W.D. Va. December 1, 2010); Holsey v. Collins, 90 F.R.D. 122, 128 (D. Md. 1981)).

Additionally, in reviewing a motion to dismiss, the Court may consider documents attached to the Complaint, as long as those documents are integral to the Complaint and authentic. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); Bala v. Va. Dept. of Conservation and Recreation, 532 F. App'x 332, 334 (4th Cir. 2013) ("In reviewing the dismissal of a complaint under Rule 12(b)(6), [the Court] 'may consider documents attached to the complaint[,] so long as they are integral to the complaint and authentic." (quoting Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007)). However, the Court may not consider Plaintiff's new allegations raised in his Response, or the attachments to his Response, without converting the proceeding to one for summary judgment. Bailey v. Va. High School League, Inc., 488 F. App'x 714, 715-16 (4th Cir. 2012) ("In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint and any documents

attached or incorporated by reference[; h]owever, the district cannot go beyond these documents on a Rule 12(b)(6) motion without converting the motion into one for summary judgment." (citations omitted)); see Bala, 532 F. App'x at 334 ("The district court may go beyond the complaint and attached documents, which constitute 'the pleadings,' in a Rule 12(b)(6) proceeding if the court converts the proceeding to one for summary judgment." (citing Fed. R. Civ. P. 12(d))). The Court will therefore consider the documents attached to Plaintiff's Complaint in evaluating the Motions to Dismiss, but not the attachments to Plaintiff's Response or the more detailed allegations raised in Plaintiff's Response.

III. OFFICIAL DEFENDANTS' MOTION TO DISMISS

    a. Failure to State a Claim Under Rule 12(b)(6)

        i. Age Discrimination Claim

The ADEA makes it unlawful for an employer to refuse to hire any individual because of the individual's age. 29 U.S.C. § 623(a)(1) (2012). "Age must be the 'but-for' cause of the employer's action for the action to violate the ADEA." Buchhagen v. ICF Intern., Inc., 545 F. App'x 217, 220 (4th Cir. 2013) (citing Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177-78, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009)). A plaintiff can prove an ADEA discrimination claim in either of two ways: (1) through presentation of direct evidence of intentional discrimination; or (2) through the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Hill v. Lockheed Martin Logistics Mgmt., 354 F.3d 277, 285 (4th Cir. 2004) (en banc); Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 238 (4th Cir. 1982) (adopting the McDonnell Douglas framework for use in ADEA cases). In order to prove a prima facie claim of age discrimination in a refusal-to-hire context, Plaintiff must show:

(1) that he is at least 40 years old; (2) that he was qualified for a job for which the employer was seeking applicants; (3) that he was rejected despite his qualifications; and (4) that the position remained open and the employer continued to seek or accept applications from persons with his qualifications outside the protected class. Henson v. Liggett Grp., Inc., 61 F.3d 270, 274 (4th Cir. 1995) (citations omitted); Cepada v. Bd. of Educ. of Balt. Cnty., 814 F. Supp. 2d 500, 512 (D. Md. 2011) (citing Laber v. Harvey, 438 F.3d 404, 430 (4th Cir. 2006)); see Jordan v. Shaw Indus., Inc., 131 F.3d 134 (4th Cir. 1997) (applying the same prima facie elements to both Title VII and ADEA discrimination claims).

However, the prima facie case operates as a "flexible *evidentiary* standard that should not be transposed into a rigid *pleading* standard for discrimination cases." Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) (emphasis added). Specifically, the Supreme Court in Swierkiewicz held that a complaint in an employment discrimination lawsuit need not contain specific facts establishing a prima facie case of discrimination under the framework set forth in McDonnell Douglas. Id. at 508; see Twombly, 550 U.S. at 569-70, 127 S. Ct. 1955 (distinguishing and reaffirming the portion of Swierkiewicz's holding rejecting a prima facie case pleading requirement for employment discrimination cases under McDonnell Douglas); Craddock v. Lincoln Nat. Life Ins. Co., 533 F. App'x 333, 336, n.3 (4th Cir. 2013) ("[ ] Twombly did not alter the Swierkiewicz rule that a plaintiff need not set out the elements of a prima facie case for an indirect method of proof in order to survive a motion to dismiss."). While the Fourth Circuit has recognized that Swierkiewicz "left untouched the burden of a plaintiff to allege facts sufficient to state all the elements of her claim," (Jordan v. Alternative Res. Corp., 458 F.3d 332, 346 (4th Cir. 2006) (internal quotation marks and citations omitted)), that is a different

6

requirement from stating those elements necessary to prove a prima facie case of discrimination under McDonnell Douglas. See Craddock, 533 F. App'x at 335-36 (reversing the district court's dismissal of an ADEA claim because the district court required the plaintiff to allege a prima facie case at the motion to dismiss stage). "This is at least in part because 'if a plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of a prima facie case,' which is an *indirect* method of proof." Id. (quoting Swierkiewicz, 534 U.S. at 511, 122 S. Ct. 992).

In determining what level of factual detail is sufficient to state a claim of employment discrimination under the ADEA, the Court notes that the district court in Craddock dismissed an ADEA discriminatory termination claim, because the plaintiff's allegations failed to show an element of a prima facia discriminatory termination case—namely, that the plaintiff was meeting her employer's legitimate expectations when she was terminated. Craddock, 533 F. App'x at 335-36. The Fourth Circuit reversed, concluding that the Craddock plaintiff did state a claim for relief under the ADEA, based on the following two allegations: (1) that the defendant "trained all [the] younger employees in [the plaintiff's] department to use a scanner, but despite her requests did not train her;" and (2) that the defendant refused to consider rehiring her. Id. at 336. Although these two allegations in Craddock, if true, may have been based on one or more permissible reasons, the inference that the defendant took these actions because of the plaintiff's age may also be reasonably drawn from the facts alleged. Id. Similarly, the Fourth Circuit held that a plaintiff sufficiently alleged a claim that the defendant's failure to interview him for a position was discriminatory under Title VII when his complaint set forth his qualifications for the position, alleged that less qualified applicants were selected for the interview, and alleged that the screening

7

panel for the position consisted of only one Caucasian male. See Bala, 532 F. App'x at 335-36; see also Dolgaleva v. Va. Beach City Pub. Sch., 364 F. App'x 820, 827 (4th Cir. 2010) (reversing the district court's dismissal of a Title VII national-origin discrimination claim where the *pro se* plaintiff alleged that she was the most qualified applicant for the position she applied for, that defendant deviated from its usual hiring procedures in hiring another candidate before the plaintiff's scheduled interview, and that the plaintiff's Russian ancestry had been held against her in the hiring decision, which she knew due to an employee of the defendant's telling her that she was not considered for the position because "her Russian credentials were worthless").

Whether Plaintiff has sufficiently alleged an ADEA discrimination claim is a marginal call, but ultimately this Court agrees with the Magistrate Judge that he has not. Plaintiff's Complaint and its attachments fail to state a claim to relief under the ADEA that is plausible on its face. He does not make allegations indicating he could have direct evidence of discrimination, nor does he describe what the qualifications were for the job he sought, either by alleging the rating system used to evaluate candidates, or by alleging any criteria listed in the job posting or provided to applicants inquiring about the qualifications. Nowhere in Plaintiff's Complaint or any of the attachments does Plaintiff even summarily state or imply that he was qualified for the position. Although Plaintiff alleges that he was rated as less qualified than younger applicants without police experience or college education (Compl. [Doc. #1] ¶¶ III.1, III.2), the conclusion does not necessarily follow that Plaintiff's "20 plus years" as a police officer renders him automatically qualified for the position. While the EEOC determination[1] states that Defendant Winston-Salem

---

[1] On multiple occasions, Plaintiff's Objections criticize the Magistrate Judge's opinion for not giving weight to the EEOC determination (Ex. 2 - Compl. [Doc. #1-2]), which Plaintiff

Police Department "advanced 34 applicants to the [Basic Law Enforcement Training ("BLET")] police academy in which [Plaintiff] would have been eligible had he been advanced through all the previous steps" (Ex. 2 - Compl. [Doc. #1-2], at 2), there is no indication that Plaintiff had the requisite qualifications to be advanced through all the previous steps.

If it were proper for the Court to consider the more specific allegations raised by Plaintiff in his Response—in particular, those allegations regarding the application steps[2] and ratings system used by the Winston-Salem Police Department, and Plaintiff's alleged conversation with Defendant Cliff Cranford[3]—combined with the facts alleged in his Complaint and its

---

attached to his Complaint. (See, e.g., Pl.'s Obj. [Doc. #28], at 2 ("Now it seems that that [sic] the [M]agistrate [J]udge has also refused to consider the findings of the EEOC in reaching his opinion and forming his recommendation."), 8 ("Even though the EEOC investigated this case and said that there was indeed evidence of age discrimination it has carried no weight in the forming of this opinion. It has been dismissed as though it never happened and is not anything to be considered.").) However, the EEOC's determination is one of "reasonable cause"—that is, the EEOC investigator determined there was reason to believe that Defendants violated the ADEA. As such, this determination is not in any way final, nor does it carry any special weight in this Court. See Circuit City Stores, Inc. v. EEOC, 75 F. Supp. 2d 491, 509 (E.D. Va. 1999) ("[A] determination of reasonable cause issued by the EEOC[,] '[s]tanding alone, [ ] is lifeless, and can fix no obligation nor impose any liability on the plaintiff. It is merely preparatory to further proceedings. If and when the EEOC . . . files suit in district court, the issue of discrimination will come to life, and the [employer] will have the opportunity to refute the charges.'" (emphasis removed, as in original) (quoting Georator Corp. v. EEOC, 592 F.2d 765, 768 (4th Cir. 1979))).

[2] Attached to Plaintiff's Objections to the Magistrate Judge's Recommendation. (Ex. 2 - Obj. [Doc. #28-2].)

[3] Plaintiff's Response included a document he terms his "original letter of complaint to the EEOC," in which he alleges that he called and spoke with recruiter Cliff Cranford in order to inquire about his pending application, and that he was initially told that he was "on the list to be tested and that usually about 100 applicants are tested to fill the thirty or so positions for the next academy." (Ex. A - Resp. to Mot. to Dismiss [Doc. #17], at 9.) Plaintiff also alleges that eventually that conversation turned to the topic of Plaintiff's age, to which Mr. Cranford indicated surprise and told Plaintiff that when the Department had previously accepted someone

9

attachments, Plaintiff likely would have satisfied the minimal requirements to state a claim of discrimination under the ADEA. But as previously explained, this Court cannot consider new allegations in the Response or its attachments without converting this proceeding to a summary judgment proceeding. Bailey, 488 F. App'x at 715-16. Therefore, Plaintiff's allegations within his Complaint and its attachments fail to state a claim of discrimination under the ADEA.

      ii.      Retaliation Claim

The Magistrate Judge also recommends that the Court grant Official Defendants' Motion to Dismiss Plaintiff's retaliation claim for failure to state a claim upon which relief may be granted. The ADEA's anti-retaliation provision prohibits employers from retaliating against employees for exercising their right to raise a discrimination claim. 29 U.S.C. § 623(d) (2012). To demonstrate retaliation, Plaintiff must show: (1) engagement in a protected activity; (2) a materially adverse action; and (3) a causal link between the protected activity and the employment action. Coleman, 626 F.3d 187, 190 (4th Cir. 2010) (citing Mackey v. Shalala, 360 F.3d 463, 469 (4th Cir. 2004)); see Lovelace, 681 F.2d at 238 (adopting the McDonnell-Douglas framework for use in ADEA cases). An activity is protected when the plaintiff has "an objectively reasonable belief that she was complaining about" discriminatory conduct. Reed v. Airtran Airways, 531 F. Supp. 2d 660, 671 (D. Md. 2008) (citations omitted). Plaintiff must show that the action taken against him is one that a reasonable employee would have found to be materially adverse, as in, "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination" against his employer. Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53,

---

Plaintiff's age, that hire was unable to perform his job duties once he was on the job. (Id.)

67-68, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006). Material adversity depends on the particular circumstances. See id. at 69 (noting, for example, that while simply excluding an employee from a social gathering at lunch is not retaliation, "excluding an employee from a weekly training lunch that contributes significantly to the employee's professional advancement might well deter a reasonable employee from complaining about discrimination," and is therefore retaliation).

The Magistrate Judge recommends that this Court grant Official Defendants' Motion to Dismiss Plaintiff's retaliation claim, on the basis that Plaintiff has not alleged that an adverse action was taken against him. This conclusion was based on the email attached to Plaintiff's Complaint from Defendant Scott Cunningham stating that Plaintiff remained active in the hiring process, despite lodging an internal complaint with the Winston-Salem Police Department and threatening to sue. However, in an attachment to Plaintiff's Response, Plaintiff contends that when he called to check on his application, he was told that he was not chosen for the police academy class starting that spring, and that this class for which he was not chosen would be the last class of recruits to be hired for several years. (Ex. A - Pl.'s Resp. to Mot. to Dismiss [Doc. #17], at 9.) The failure to hire Plaintiff for the last police academy class to be hired for several years is likely sufficiently material to constitute an adverse employment action in an ADEA retaliation claim, despite the fact that Plaintiff's application technically remained active. However, again, Plaintiff did not raise this allegation until his Response, which would be improper for this Court to consider without converting this motion to dismiss to a summary judgment proceeding. Therefore, without any reference in Plaintiff's Complaint or the documents attached to the Complaint to any indication that an adverse employment action had been taken, Plaintiff's retaliation claim should fail, pursuant to Rule 12(b)(6).

11

In the alternative to dismissing his case, Plaintiff has requested leave to amend his Complaint. (Pl.'s Resp. to Mot. to Dismiss [Doc. #17], at 2.) Where the Court dismisses a complaint for failure to state a claim, the Court should consider granting the plaintiff, and in particular, a *pro se* plaintiff, leave to amend his complaint. Ostrzenski v. Seigel, 177 F.3d 245, 252-53 (4th Cir. 1999). Indeed, unless it is certain that a plaintiff cannot state a claim upon amendment, then "the better practice is to allow at least one amendment." Id. at 253 (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 360-67 (2d ed. 1990)). Therefore, as the deficiencies in Plaintiff's Complaint addressed thus far appear to be curable,[4] the Court will grant Plaintiff's request for leave to amend his Complaint, unless any of Official Defendants' alternative bases for dismissal apply and do not appear to be curable by Plaintiff.

b.  Official Defendants' Alternative Bases for Dismissal

Official Defendants also seek to dismiss Plaintiff's claim pursuant to Rule 12(b)(2) for lack of personal jurisdiction, Rule 12(b)(4) for insufficient form of the summons, and Rule 12(b)(5) for insufficient service of process. The Magistrate Judge did not address these alternative bases for dismissal, relying instead on his conclusion that this action should be dismissed for failure to state a claim and that Plaintiff should not be allowed to amend his Complaint. However, because this Court has concluded that it should allow Plaintiff leave to amend his Complaint in order to

---

[4] That is, by adding the new allegations made in, and attached to, Plaintiff's Response regarding the application steps and ratings system used by the Winston-Salem Police Department, Plaintiff's qualifications, his alleged conversation with Defendant Cliff Cranford, and the allegation that he was not selected for the last police academy class to be hired for several years.

12

cure the factual deficiencies, the Court will now consider whether Plaintiff's Complaint should be dismissed under any of these alternative bases.

Official Defendants' first alternative basis for dismissal is that the Winston-Salem Police Department should be dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction, because it is not a legal entity capable of being sued. Pursuant to Federal Rule of Civil Procedure 17(b)(3), the capacity of a governmental body to be sued in federal court is governed by the law of the state in which the federal court is located. Fed. R. Civ. P. 17(b)(3); Avery v. Burke Cnty., 660 F.2d 111, 113-14 (4th Cir. 1981) ("The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." (citing Fed. R. Civ. P. 17(b))). Under North Carolina law, unless a statute provides to the contrary, only persons in being may be sued. McPherson v. First & Citizens Nat. Bank of Elizabeth City, 240 N.C. 1, 18, 81 S.E.2d 386, 397 (1954).

Although Official Defendants contend that this Court lacks personal jurisdiction over the Winston-Salem Police Department because North Carolina does not have a statute providing that municipal law enforcement agencies may be sued, Official Defendants do not explain why the ADEA, the operative statute at issue in Plaintiff's lawsuit, does not authorize suit against municipal police departments. The ADEA authorizes lawsuits against employers, as defined under 29 U.S.C. § 630(b). 29 U.S.C. § 623(a) (2012). Therefore, Plaintiff may bring his ADEA claims against the entity that would have been his employer, but for the alleged discriminatory refusal to hire, as long as that entity is an employer under the ADEA. As such, in order to analyze Official Defendants' jurisdictional contention that the City of Winston-Salem is not a legal entity to be sued, this Court must consider whether the City of Winston-Salem is an employer

13

that can be sued under the ADEA.

North Carolina law implies that a city is the employer of a police officer working for the city's police department. See N.C. Gen. Stat. § 160A-281 (2013) ("*A city is authorized to* appoint a chief of police and to *employ other police officers* who may reside outside the corporate limits of the city unless the council provides otherwise." (emphasis added)); Green v. Kitchin, 229 N.C. 450, 445, 50 S.E.2d 545, 548 (1948) (noting that the power "to appoint and employ police for preserving law and order withing its limits" is expressly conferred upon the North Carolina city). Plaintiff does not offer any argument as to why the Winston-Salem Police Department should be considered an employer under the ADEA, rather than the City of Winston-Salem. Indeed, Plaintiff seeks to amend his Complaint, in order to add the City of Winston-Salem as a defendant. Therefore, the Court concludes that the ADEA authorizes suit against the City of Winston-Salem, but not the Winston-Salem Police Department.[5]

As such, this Court will dismiss Plaintiff's action against the Winston-Salem Police Department with prejudice, because the Winston-Salem Police Department is not an employer under the ADEA. Thus, Official Defendants' alternative motions for dismissal under Rule 12(b)(4) and 12(b)(5) are denied as moot. However, the Court will now consider whether to allow Plaintiff leave to amend his Complaint in order to add the City of Winston-Salem.

IV.   PLAINTIFF'S MOTION TO AMEND

Plaintiff's Motion to Amend seeks to amend his Complaint in order to add the City of Winston-Salem as a defendant in this case. (Mot. to Amend [Doc. #23].) Defendants oppose

---

[5] The Court notes that North Carolina law expressly provides that a city is a legal entity which may sue and be sued. N.C. Gen. Stat § 160A-11 (2013).

14

Plaintiff's Motion on the basis that amendment would be futile, as Plaintiff's proposed amendment does not cure his failure to state a claim upon which relief may be granted. (Official Defs.' Resp. to Mot. to Amend [Doc. #24]; Individual Defs.' Resp. to Mot. to Amend [Doc. #25].) The Magistrate Judge recommended that Plaintiff's Motion be denied, concluding that this particular amendment would indeed be futile. (Mem. Op. and Order [Doc. #26], at 3-5, 13.)

At this point in the litigation, Plaintiff may only amend his Complaint with opposing parties' written consent or with the court's leave. Fed. R. Civ. P. 15(a)(2). In evaluating a party's request to amend its pleading, the Court "should freely give leave when justice so requires." Id. Plaintiff's Motion only seeks leave to amend the Complaint in order to add the City of Winston-Salem, and therefore, by itself, would be futile, as Plaintiff fails to state a claim upon which relief may be granted against *any* defendant. However, in addition to this Motion to Amend, Plaintiff requested leave to amend his Complaint to cure *any* deficiencies the Court may find in evaluating Defendants' Motions to Dismiss. (Pl.'s Resp. to Mot. to Dismiss [Doc. #17], at 2.) Therefore, in this Court's discretion, the Court will grant Plaintiff, *pro se*, leave to amend his Complaint to cure all the deficiencies discussed in this Memorandum Opinion and Order.[6]

---

[6] If Plaintiff chooses to amend his Complaint, and in doing so, adds the City of Winston-Salem as a defendant, the Court notes that Plaintiff will need to issue a new summons and properly serve the City in accordance with Federal Rule of Civil Procedure 4. Fed. R. Civ. P. 4(j)(2) (requiring that a plaintiff serve a local governmental entity by either "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant"); N.C. R. of Civ. P. 4(j)(5)(a) (requiring that a plaintiff serve a city by delivering or mailing the complaint and summons, in the manner specified by this rule, to the city's mayor, city manager, or clerk).

V.  INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

The Magistrate Judge recommends granting Individual Defendants' Motion to Dismiss [Doc. #8] for lack of subject-matter jurisdiction, because Plaintiff does not dispute that Individual Defendants were not named in his EEOC charge. (Mem. Op. & Order [Doc. #26], at 11.) Furthermore, the Magistrate Judge also recommends granting Individual Defendants' Motion, because these individuals do not qualify as "employers," as required for liability under the ADEA. (Id. at 11-12.) This Court agrees with the Magistrate Judge's Recommendation as to this Motion, for the reasons stated therein, and will adopt the Magistrate Judge's Recommendation with regard to the Individual Defendants' Motion to Dismiss [Doc. #8]. Because it does not appear that Plaintiff can cure these deficiencies through amending his Complaint, the Court will dismiss Plaintiff's lawsuit with prejudice against Defendants Tony Perkins, Scott Cunningham, and Cliff Cranford, in their individual capacities.

VI.  CONCLUSION

In sum, this Court will adopt the Magistrate Judge's Recommendation [Doc. #26] in part, pursuant to 28 U.S.C. § 636(b)(1). The Court adopts the Magistrate Judge's Recommendation in full as to the Individual Defendants' Motion to Dismiss [Doc. #8], for the reasons explained therein. As such, the Court will grant Individual Defendants' Motion to Dismiss and dismiss Plaintiff's action against those Defendants in their individual capacity with prejudice.

However, pursuant to 28 U.S.C. § 636(b)(1), the Court hereby modifies the Magistrate Judge's Recommendation with regard to Official Defendants' Motion to Dismiss [Doc. #14], for the reasons explained in this Memorandum Opinion and Order. Specifically, the Court adopts the Magistrate Judge's conclusion that Plaintiff's Complaint fails to state a claim, for the reasons

stated in the Recommendation and the reasons explained in this Memorandum Opinion and Order. Furthermore, the Court also considered the alternative bases for dismissal raised in Official Defendants' Motion to Dismiss, and concludes that the Winston-Salem Police Department is an improper entity for Plaintiff to sue. Therefore, the Court will dismiss Plaintiff's action against the Winston-Salem Police Department with prejudice.

Finally, the Court modifies the Magistrate Judge's Recommendation with regard to Plaintiff's Motion to Amend the Complaint [Doc. #23], for the reasons stated above. Because Plaintiff has requested leave to amend his Complaint to cure the all deficiencies noted by the Court, and not just to add a new defendant, the Court will allow Plaintiff to amend his Complaint. Specifically, Plaintiff will need to cure the deficiencies with regard to his factual allegations as explained above, as well as by adding the City of Winston-Salem as a defendant, and then properly serving the City in accordance with Federal Rule of Civil Procedure 4. Thus, the Court will allow Plaintiff leave to amend his Complaint.

If Plaintiff chooses to amend his Complaint, he must file an appropriate motion, attaching any proposed amended Complaint, within 14 days of entry of this Memorandum Opinion and Order. If Plaintiff fails to seek amendment in the proper fashion and within the time constraints specified in this Memorandum Opinion and Order, Plaintiff's case will be dismissed with prejudice. Thus, the Court will grant in part Defendants' Motion to Dismiss [Doc. #14], but will also allow Plaintiff 14 days from entry of this Order to amend his Complaint to cure the deficiencies noted within this Order.

IT IS THEREFORE ORDERED AND DECREED that Individual Defendants' Motion to Dismiss [Doc. #8] is GRANTED, pursuant to Federal Rule of Civil Procedure 12(b)(1) and

12(b)(6). As such, Plaintiff's lawsuit against Sergeant Tony Perkins, Scott Cunningham, and Cliff Cranford, is hereby DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Official Defendants' Motion to Dismiss [Doc. #14] is GRANTED IN PART, and that Plaintiff's action against the Winston-Salem Police Department is hereby DISMISSED WITH PREJUDICE. IT IS FINALLY ORDERED that Plaintiff is granted leave to amend his Complaint to cure the deficiencies discussed herein. If Plaintiff chooses to amend his Complaint, he must do so, consistent with the ruling of this Court, within 14 days of entry of this Order, or this action will be dismissed with prejudice.

This, the 27th day of June, 2014.

_____
United States District Judge